**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARK E. CANNON,

                            Plaintiff,

       - v -                                    Civ. No. 9:10-CV-1332
                                                        (GTS/RFT)

C.O. E. WOOD, *Upstate Correctional Facility*; SAINT MARY, *Correctional Officer, Upstate Correctional Facility*; RELF, *Correctional Officer, Upstate Correctional Facility*; WINSTON, *Correctional Officer, Upstate Correctional Facility*; D. PRICE, *Correctional Officer, Upstate Correctional Facility*; M. EDDY, *Sergeant, Upstate Correctional Facility*; NURSE HOLMES, *Upstate Correctional Facility*; BULIS, *Hearing Officer, Upstate Correctional Facility*,

                            Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

MARK E. CANNON
08-A-0822
Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN               KRISTA A. ROCK, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff brings this civil rights Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights while he was incarcerated at Upstate Correctional Facility. Dkt.

No. 1, Compl. Defendants moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of the Complaint, Dkt. No. 22, which Plaintiff opposes, Dkt. No. 23. For the reasons that follow, it is hereby recommended that Defendants' Motion be **granted in part** and **denied in part**.

## I. BACKGROUND

The following recitation is derived from the Complaint and, in accordance with the applicable standard of review, are taken as true. *See infra* Part II.A.

At all times relevant to the events described in the Complaint, Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and was housed at the Upstate Correctional Facility. During February 2010, Plaintiff wrote an inmate grievance complaining that he had been denied access to the barbershop. Compl. at ¶ 6(C). As a result of this grievance, Plaintiff was scheduled a make-up haircut. *Id*. Thereafter, Defendants Saint Mary and Winston came to Plaintiff's cell and told him that because he wrote that grievance, he would never receive another haircut for as long as he remained at Upstate. *Id*. During the months of March, April, and May 2010, Defendants Saint Mary and Winston denied him access to the barbershop, stating each time that Plaintiff should not have written the grievance. *Id*. They also told him that he did not deserve "level 3 status." *Id*. Plaintiff subsequently wrote a grievance about this harassment.

On May 12, 2010, Defendant S. Price came to Plaintiff's cell to retrieve his food tray. As Plaintiff was loading items onto the tray, Defendant Saint Mary told Defendant Price to close Plaintiff's feed up slot and stated that Plaintiff refused to give back his feed up tray. *Id*. Thereafter, Defendant Sergeant M. Eddy approached Plaintiff's cell and retrieved the food tray. *Id*. at ¶ 6(D). Approximately ten minutes later, Defendants E. Wood, Relf, and S. Price came to Plaintiff's cell and

told him to pack his belongings because he lost his level 3 status; Plaintiff was then placed in a holding pen. *Id*. at ¶ 6(F). Then, Defendants E. Wood, Relf, and Sergeant Eddy escorted Plaintiff through a metal detector, which did not ring, and then into a strip room where he was ordered to strip naked. *Id*. After that, Plaintiff's hands were cuffed behind his back and he was escorted out of the strip room. *Id*. at ¶ 6(G). At that point, Defendant Wood grabbed Plaintiff's hair and slammed his face against the wall. *Id*. at ¶ 6(H). Defendant Relf grabbed Plaintiff's handcuffs and twisted his arm in an upward fashion, causing pain in Plaintiff's shoulders, elbows, and wrists. *Id*. Defendant Wood placed his thumb behind Plaintiff's jawbone, between his ear and upper neck, and pushed and applied pressure on the jawbone, causing Plaintiff pain and dizziness. *Id*. Defendant Eddy watched while this entire encounter ensued. *Id*. For three days, Plaintiff experienced extreme pain in his jaw whenever he tried to eat. *Id*. at ¶ 7. He also experienced extreme pain in his neck and back and had trouble sleeping for approximately seven days. *Id*. at ¶ 8. The pain he feels in his back and neck continue. *Id*. at ¶ 9.

Thereafter, Plaintiff was taken to 11 Building and placed in a drug watch holding pen. *Id*. at ¶ 6(I). Defendant Nurse Holmes came to Plaintiff's cell, but left without examining Plaintiff, telling Sergeant Eddy that Plaintiff refused treatment. *Id*. Plaintiff's drug watch lasted seven days, at which point he was taken back to his cell in the 10 Building. *Id*. at ¶ 6(J).

As a result of the above, Plaintiff was issued a misbehavior report charging him with violent conduct, refusing a direct order, threats, and messhall violation. *Id*. On May 28, 2010, Defendant Bulis presided as the hearing officer during the disciplinary hearing for these charges. *Id*. at ¶ 6(K). At his request, Plaintiff called a witness and viewed the video tape of the alleged incident, during which he pointed out how he did not move during the assault by Defendants Wood and Relf. *Id*. at

¶¶ 6(K)-(L). At the conclusion of the hearing, Defendant Bulis found Plaintiff guilty of all charges. *Id*. at ¶ 6(M). He later told Plaintiff that he should not have written those complaints. *Id*.

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157,

168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1960 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1950-51.

### B. Eleventh Amendment

Plaintiff brings this action against each Defendant in his or her individual and official capacity and seeks only monetary compensation. Compl. at ¶ 6(B). Defendants assert that they are entitled to Eleventh Amendment immunity as to any claims brought against them in their official capacities. We agree.

The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although by its terms, the amendment bars suit by citizens of one state against another state, the Supreme Court has held that such amendment similarly bars suits against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). The sovereign immunity provided for in the Eleventh Amendment prohibits suits against the state, including a state agency in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993); *Daisernia v. State of New York*, 582 F. Supp. 792, 796 (N.D.N.Y. 1984). To the extent a state official is sued for damages in his or her official capacity, "such a suit is deemed to be a suit against the state, and the official is entitled to invoke the eleventh amendment immunity belonging to the state." *Rourke v. New York State Dep't. of Corr. Servs.* 915 F. Supp. 525, 539 (N.D.N.Y. 1995) (citing *Berman Enters., Inc. v. Jorling,* 3 F.3d 602, 606 (2d Cir.), *cert. denied,* 510 U.S. 1073 (1994) & *Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993)); *see also Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997) (noting that a "claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the office").

Since the only relief sought herein is compensatory monetary relief, Plaintiff's claims against all Defendants in their official capacities should be **dismissed**. Thus, we recommend **granting** Defendants' Motion on this basis.

### C. Personal Involvement

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009).

Defendants assert that the allegations in the Complaint against Defendant S. Price do not amount to a stated cause of action. We agree. The factual allegations against Defendant Price are that he closed Plaintiff's feed-up tray as Defendant Saint Mary directed, and that he, along with Defendants Wood and Relf, told Plaintiff that his level 3 status was terminated. These factual allegations, taken as true, do not amount to a violation of any constitutional violation. Thus, Defendants' Motion to Dismiss should be **granted** as to Defendant Price due to Plaintiff's failure to allege any personal involvement on his part with regard to any wrongdoing.

### D. Claims Against Defendants Winston and Saint Mary

According to the factual allegations in the Complaint, Defendants Winston and Saint Mary are accused of denying Plaintiff access to the barbershop after Plaintiff filed a grievance regarding

a missed appointment. After the filing of that grievance, Defendants Winston and Saint Mary told Plaintiff that he should not have complained and that he would never receive another haircut for as long as he was at Upstate. And, during the months of March, April, and May, Plaintiff was passed over whenever the barbershop schedule would make rounds. Plaintiff also contends that Defendants Winston and Saint Mary threatened Plaintiff's level 3 status and fabricated a lie that Plaintiff was being uncooperative with the retrieval of his food tray; an event Plaintiff asserts led to his loss of level 3 status and being placed on a drug watch.

Interpreting Plaintiff's claims as stated pursuant to the Eighth Amendment, Defendants assert that the claims against Winston and Saint Mary should be dismissed for failure to state a claim for relief. They argue that harassment and verbal threats are not actionable and that there is no violation of the Eighth Amendment based upon the denial of barbershop visits. We agree with the Defendants' assessments on both counts,[1] however, we interpret Plaintiff's claims slightly differently.

The Court notes that Plaintiff has proceeded in this action *pro se* and that, as such, the Court is compelled to adhere to a policy of leniency when perusing claims stated in pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the

---

[1] A claim brought under § 1983 is "not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); *Aziz Zarif Shabazz v. Picco*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that ordinarily, a claim for verbal harassment is not actionable under § 1983). Also, in order to state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege that (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)). The denial of a haircut, even multiple haircuts, can hardly be categorized as a denial of the "minimal civilized measure of life's necessities" as to constitute a violation of the Eighth Amendment. *See, e.g., Black v. Cuomo*, 101 F.3d 681 (2d Cir. 1996) (unpublished opinion) (noting that the denial of haircuts is not actionable under the Eighth Amendment).

strongest arguments that they suggest."); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings.").  Viewing the Plaintiff's claims liberally, it is this Court's view that Plaintiff has stated a claim against Defendants Winston and Saint Mary for retaliation.

The Second Circuit has made it clear that an inmate has a substantive due process right not to be subjected to retaliation for the exercise of a constitutional right, such as petitioning the government for redress of grievances.  *Jones v. Coughlin,* 45 F.3d 677, 679-80 (2d Cir. 1995); *Franco v. Kelly,* 854 F.2d 584, 589-90 (2d Cir. 1988).  Central to such claims is the notion that in a prison setting, corrections officials may not take actions which would have a chilling effect upon an inmate's exercise of First Amendment rights.  *Gill v. Pidlypchak*, 389 F.3d 379, 381-83 (2d Cir. 2004).

Because of the relative ease with which claims of retaliation can be invoked, courts should examine such claims "with skepticism and particular care."  *Colon v. Coughlin*, 58 F.3d at 872 (citation omitted); *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) ("[V]irtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." (citation omitted)), *overruled on other grounds*, *Swierkewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

To state a First Amendment claim for retaliation, an inmate must demonstrate that (1) he or she was engaged in constitutionally protected activity, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse

action in that the alleged conduct was substantially motivated by the protected activity. *Gill v. Pidlypchak*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d at 492); *see also Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002).

Here, Plaintiff engaged in constitutionally protected activity when he filed a grievance about being denied a haircut. Defendants Winston and Saint Mary specifically referenced that grievance when they informed Plaintiff that he would never receive another haircut again. They thereafter denied Plaintiff the ability to sign up for barbershop visits, again referencing the grievance he wrote. The ensuing harassment of Plaintiff could be considered action that would have a chilling effect on an inmate's exercise of his First Amendment rights, or, stated another way, it could "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (citing *Dawes v. Walker*, 239 F.3d at 493). Plaintiff has alleged enough facts to set forth a claim for retaliation against these Defendants, which, at a minimum, allows him to go forward with some discovery. *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) (noting that when a plaintiff sets forth a "colorable suspicion of retaliation," some documentary evidence should be allowed to proceed); *Carpio v. Walker*, 1997 WL 642543, at \*6 (N.D.N.Y. Oct. 15, 1997) (citing *Flatherty v. Coughlin*, 713 F.2d at 13); *accord Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). As such, we recommend **granting** Defendants' Motion as to any claim raised by Plaintiff against Defendants Winston and Saint Mary regarding the Eighth Amendment or claims of harassments and threats. We further recommend **denying** Defendants' Motion with regard to the claim of retaliation against Defendants Winston and Saint Mary.

### E. Claims Against Defendants Wood, Relf, and Eddy

In their Motion to Dismiss, Defendants urge the Court to dismiss the claims against Defendants Wood, Relf, and Eddy because Plaintiff states these claims in wholly conclusory terms. Defendants view these claims as "retaliatory assault" and, to the extent Plaintiff links this assault to the acts of Defendants Winston and Saint Mary, they argue that Plaintiff has not identified the protected conduct at issue that would prompt this retaliatory assault, nor a causal connection between the incidents between Plaintiff and Defendants Saint Mary and Winston, and these Defendants. We agree with Defendants that Plaintiff does not seem to link the two incidents, and thus, to the extent he asserts a retaliatory assault, such claim should fail. However, viewing Plaintiff's claims liberally and construing them to raise the strongest claim presented by the facts, we find that Plaintiff's claim against Defendants Wood, Relf, and Eddy are not rooted in the First Amendment, but rather the Eighth.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (cited in *Tramell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003)). In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Supreme Court clarified the standards for determining whether an Eighth Amendment violation occurred in the context of excessive force. Specifically, the Court stated that, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 6-7 (quoted in *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994)). To validly assert a violation of

the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) objectively, that the defendant's actions violated "contemporary standards of decency," and (2) subjectively, that the defendant acted wantonly and in bad faith. *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks and citations omitted).

Plaintiff's factual allegations adequately plead a plausible claim of excessive force. He asserts that while he was handcuffed, Defendant Wood grabbed his hair and slammed his face against the wall and also grabbed his jaw, placing pressure between his ear and upper neck. Plaintiff also alleges that Defendant Relf grabbed Plaintiff's handcuffs and twisted his arm upwards. As a result, Plaintiff suffered from pain, dizziness, inability to sleep, and difficulty eating. Plaintiff maintains that this assault was unprovoked, and that he, arguably, posed no security risk as he was secured in handcuffs during the entire altercation. We find that these factual allegations are enough to pass scrutiny under a 12(b)(6) analysis. Thus, we recommend **denying** Defendants' Motion on this ground.

As for Defendant Eddy, Plaintiff asserts that he stood there during the entire assault and did nothing to stop Defendants Relf and Wood. This too is enough to state an Eighth Amendment claim that survives this level of scrutiny. *See Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)) ("The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody."); *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997) ("Prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner."); *see also Avincola v. New York State Dep't of Corr. Servs.*, 1998 WL 146280, at *3 (N.D.N.Y. Mar. 27, 1998).

Further, a supervisor can be held liable when he or she has actual or constructive notice of unconstitutional practices, but similarly acted with gross negligence or deliberate indifference in failing to act. *See Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989). "Such a supervisor may not escape the consequences of his or her failure to act by pleading the doctrine of qualified immunity." *Fossett v. Morris*, 1991 WL 67093, at *3 (S.D.N.Y. Apr. 22, 1991). If indeed such an assault took place while Plaintiff was secured in handcuffs, and Defendant Eddy stood by without intervening on Plaintiff's behalf, then he too is liable for an Eighth Amendment violation. Thus, we recommend **denying** Defendants' Motion on this ground.

### F. Remaining Conclusory Claims

Plaintiff states in conclusory fashion that he was subjected to an illegal search, however, the Complaint is devoid of any factual allegations to support this claim. It is not clear how Plaintiff was subjected to an illegal search, nor whom perpetrated such search. As such, we recommend **granting** Defendants' Motion as to this conclusory claim.

Plaintiff claims that he was "illegally" placed on "the loaf" and a drug watch for seven days. Perhaps Plaintiff is attempting to assert an Eighth Amendment conditions of confinement violation. However, these conclusory allegations fail in that he has not alleged enough facts for the Court to assess whether the Eighth Amendment was violated, *ergo*, whether he was subjected to conditions that were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," which Defendants subjected him to these conditions, and whether such Defendants acted with the requisite culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)). Thus, to the extent Plaintiff seeks to allege an Eighth Amendment violation based on the drug watch and diet

loaf, Defendants' Motion should be **granted**.

Plaintiff also asserts that Defendant Bulis violated his right to due process. However, again, there are no factual allegations to support such a claim. First, Plaintiff does not allege the liberty interest at stake by which he was entitled to some measure of due process before being deprived therewith. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995) (noting that a prisoner is not entitled to due process protections unless the resulting restricting confinement subjected the prisoner to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life"). Second, Plaintiff admits that during said hearing, he exercised his right to call witnesses and review requested evidence. Thus, even if Plaintiff had identified a liberty interest, he failed to allege facts supporting the notion that he was denied due process. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Accordingly, Defendants' Motion should be **granted** and Defendant Bulis should be **dismissed** from this action.

Lastly, Plaintiff asserts that Defendant Nurse Holmes did not examine him after the altercation with Defendants Wood, Relf, and Eddy. This claim suffers the same fate of being far too conclusory.

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-

06).

Here, Plaintiff provides no facts by which this Court could assess the seriousness of his injury, other than injecting conclusory statements about the level of pain he experienced, nor the subjective state of mind of Nurse Holmes. His sparse facts do not survive this initial review and we recommend **granting** Defendants' Motion on this ground and **dismissing** Nurse Holmes from this action.

### G. Qualified Immunity

The doctrine of qualified immunity shields public officials from suit for conduct undertaken in the course of their duties if it "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Firzgerald*, 457 U.S. 800, 818 (1982); *Eng v. Coughlin*, 858 F.2d 889, 895 (2d Cir. 1988). The doctrine protects public officials from 'personally facing the risk of incurring ruinous liability in the form of money damages, which would deter qualified people from public service." *Eng v. Coughlin*, 858 F.2d at 895.

Qualified immunity is an affirmative defense that must be pleaded by the official claiming it. *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)). The only pleading filed in the present case is the Original Complaint. Defendants have not raised this affirmative defense in a responsive pleading as set forth in FED. R. CIV. P. 8(c), but rather in their memorandum of law in support of their Motion to Dismiss. Generally, however, "the defense of qualified immunity cannot support the grant of a . . . 12(b)(6) motion for failure to state a claim upon which relief can be granted." *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983); *see also McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (quoting *Green*). An exception to this general rule exists where the complaint itself sets up, on its face, the qualified

immunity defense; in such an occasion, dismissal for failure to state a claim would be appropriate. *Roniger v. McCall*, 22 F. Supp. 2d 156, 162 (S.D.N.Y. 1998) (citing *Green v. Maraio*, 722 F.2d at 1019); *see also McKenna v. Wright*, 386 F.3d at 435.

Pursuant to this Court's analysis, the remaining claims are those against Defendants Winston and Saint Mary for retaliation and those against Defendants Wood, Relf, and Eddy for excessive force and failure to protect. A fair reading of the Complaint does not give rise to the qualified immunity defense. Indeed, it cannot be said that Plaintiff's rights were not clearly established at the time of the alleged constitutional violations. If a plaintiff had a "clearly established, constitutionally protected right that was violated, he or she must demonstrate that it was not objectively reasonable for the defendant to believe that his action did not violate such law." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 125 (N.D.N.Y. 2003) (citing, *inter alia*, *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211 (2d Cir. 2003)); *see also Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Lewis v. Cowan*, 165 F.3d 154, 166 (2d Cir. 1999). Thus, the inquiry turns on the reasonableness of the Defendants' acts. The Second Circuit has held, however, that such analysis "turns on factual questions that cannot be resolved at [the motion to dismiss] stage of proceedings." *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 793 (2d Cir. 2002); *see also McKenna v. Wright*, 386 F.3d 432, 434 (noting that the "qualified immunity defense can be presented in a Rule 12(b)(6) motion, but that the defense faces a formidable hurdle"). For these reasons, any adjudication as to the applicability of the qualified immunity affirmative defense would be premature since "[r]esolution of qualified immunity depends on the determination of certain factual questions that cannot be answered at this stage of the litigation." *Denton v. McKee*, 332 F. Supp. 2d 659, 666 (S.D.N.Y. 2004).

Thus, we find that qualified immunity cannot be determined at this stage. Though we recommend **denying** Defendants' Motion on this ground, Defendants are not precluded from including this defense in their answer and raising it again at a more appropriate time when there is a complete record by which the reasonableness of Defendants' acts can be assessed.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 22) should be **granted in part** and **denied in part** as follows:

1. All causes of action should be **dismissed**, pursuant to the Eleventh Amendment, insofar as they are stated against the Defendants in their official capacities;

2. Defendant Price should be **dismissed** from this action based upon Plaintiff's failure to assert his personal involvement in any wrongdoing;

3. To the extent asserted, any Eighth Amendment conditions of confinement claims and other claims of harassment/verbal threats against Defendants Winston and Saint Mary should be **dismissed** for failure to state a claim;

4. To the extent asserted, any First Amendment retaliation claims against Defendants Winston and Saint Mary should survive and proceed to discovery;

5. To the extent asserted, any First Amendment retaliation claims against Defendants Wood, Relf, and Eddy should be **dismissed** for failure to state a claim;

6. To the extent asserted, any Eighth Amendment claims of excessive force and failure to protect against Defendants Wood, Relf, and Eddy should survive and proceed to discovery;

7. To the extent asserted, claims regarding the "illegal" search, imposition of diet loaf, and

drug watch should be **dismissed** for failure to state a claim;

     8. To the extent asserted, claims for due process violations against Defendant Bulis should be **dismissed** and Defendant Bulis should be **dismissed** from this action;

     9. To the extent asserted, claims for Eighth Amendment medical indifference against Defendant Holmes should be **dismissed** and Defendant Holmes should be **dismissed** from this action;

     10. Defendants' request for dismissal based on qualified immunity should be **denied** at this stage; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 12, 2011
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge