UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK E. CANNON,

                              Plaintiff,

                                                        9:10-CV-1332
v.                                                      (GTS/RFT)

C.O. E. WOOD, Upstate Correctional Facility;
SAINT MARY, Correctional Officer, Upstate
Correctional Facility; RELF, Correctional Officer,
Upstate Correctional Facility; WINSTON,
Correctional Officer, Upstate Correctional Facility;
D. PRICE, Correctional Officer, Upstate Correctional
Facility; M. EDDY, Sergeant, Upstate Correctional
Facility; NURSE HOLMES, Upstate Correctional
Facility; and BULIS, Hearing Officer, Upstate
Correctional Facility,

                              Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

MARK E. CANNON, 08-A-0822
   Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                                   KRISTA A. ROCK, ESQ.
Attorney General for the State of New York             Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

Currently before the Court, in this *pro se* prisoner civil rights action filed by Mark E.

Cannon ("Plaintiff") against the eight above-captioned employees of the New York State

Department of Corrections and Community Services ("Defendants"), are (1) Defendants' motion

to dismiss for failure to state a claim, and (2) United States Magistrate Judge Randolph F.

Treece's Report-Recommendation recommending that Defendants' motion be granted in part and

denied in part.  (Dkt. Nos. 22, 31.)  No objections have been filed and the deadline by which to

do so has expired.  For the reasons set forth below, the Report-Recommendation is accepted and

adopted in its entirety; and Defendants' motion is granted in part and denied in part.

## I.       RELEVANT BACKGROUND

### A.       Plaintiff's Complaint

Plaintiff filed his Complaint in this action on November 4, 2010.  (Dkt. No. 1.)

Generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that, between

approximately February 2010 and May 2010, at Upstate Correctional Facility in Dannemora,

New York, the following Defendants committed the following constitutional violations against

him: (1) Defendants Saint Mary and Winston denied him access to the barbershop for several

months in retaliation for filing a grievance in violation of the First Amendment; (2) Defendants

Relf and Wood used excessive force against him during a cell transport in violation of the Eighth

Amendment, while Defendant Eddy witnessed that force and failed to protect him in violation of

the Eighth Amendment; (3) Defendant Holmes did not physically examine Plaintiff after the

alleged assault in violation of the Eighth Amendment; and (4) Plaintiff was confined to a "Drug

Watch" unit for seven days, was issued a false misbehavior report in violation of the Eighth

Amendment, and was allegedly denied due process rights by Defendant Bulis during the

disciplinary hearing  in violation of the Fourteenth Amendment.  (*See generally* Dkt. No. 1

[Plf.'s Compl.].)  Familiarity with the factual allegations supporting these claims in Plaintiff's

Complaint is assumed in this Decision and Order, which is intended primarily for review by the

parties.  (*Id.*)

**B.     Defendants' Motion to Dismiss**

On March 8, 2011, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim seeking dismissal of all of Plaintiff's claims.  (Dkt. No. 22.)  Generally, in support of their motion to dismiss, Defendants argue as follows: (1) Plaintiff's claims for monetary damages are barred by the Eleventh Amendment; (2) Plaintiff fails to state a constitutional claim against Defendants Winston and Saint Mary; (3) Plaintiff fails to allege facts plausibly suggesting the personal involvement of Defendant Price in any of the alleged constitutional violations; (4) Plaintiff's allegations of wrongdoing are conclusory and insufficient to state a constitutional claim; and (5) Defendants are entitled to qualified immunity.  (*See generally* Dkt. No. 22, Parts I-V [Defs.' Memo. of Law].) On April 18, 2011, Plaintiff filed a response to Defendants' motion.  (Dkt. No. 23.)  On April 19, 2011, Defendants filed a reply to Plaintiff's response.  (Dkt. No. 24.)

**C.     Magistrate Judge Treece's Report-Recommendation**

On August 12, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No.31.) Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for review by the parties. Plaintiff did not submit an objection to the Report-Recommendation.

## II.     APPLICABLE LEGAL STANDARDS

**A.     Standard of Review**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

3

must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[1]       *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

that portion of the report-recommendation challenged by those arguments to only a *clear error*

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."  *Id.*[5]

> After conducting the appropriate review, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C).

---

[3]      *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**B.      Standard Governing a Motion to Dismiss for Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se*

plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[6]

Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the

requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil

rights plaintiffs must follow.[7]  Stated more simply, when a plaintiff is proceeding *pro se*, "all

normal rules of pleading are not absolutely suspended."  *Jackson*, 549 F. Supp.2d at 214, n.28

[citations omitted].[8]

## III.   ANALYSIS

Because Plaintiff did not submit an objection the Report-Recommendation, the Court

reviews the Report-Recommendation only for clear error, as described above in Section II.A of

this Decision and Order.  After carefully reviewing all of the papers in this action, the Court

concludes that Magistrate Judge Treece's thorough Report-Recommendation is correct in all

respects.  (Dkt. No. 31, at II [Report-Recommendation].)  Magistrate Judge Treece employed the

---

[6]      *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[7]      *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[8]      It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak*, 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

proper standards, accurately construed Plaintiff's claim, and reasonably applied the law to those claims.  (*Id.*)  As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.[9]  The Court would add only three points.

First, Magistrate Judge Treece's thorough and correct Report-Recommendation would survive even a *de novo* review.

Second, the Court agrees with Magistrate Judge Treece that Defendants should not be precluded from including the defense of qualified immunity in their Answer and raising it again at a more appropriate time when there is a complete record by which the reasonableness of Defendants' acts can be assessed.

Third, because the pleading defects on Plaintiff's Complaint are substantive rather than merely formal, the Court sees no need to *sua sponte* grant Plaintiff leave to amend those claims before it dismisses them.[10]

---

[9]      The Court notes that those portions of the Report-Recommendation that Plaintiff does not specifically challenge would survive even *de novo* review.

[10]      *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted);  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 31) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 22) is **GRANTED** with respect to the following claims, which are **DISMISSED**:

(a)     All causes of action asserted against Defendants in their official capacities;

(b)     Plaintiff's Eighth Amendment conditions-of-confinement claims against Defendants Winston and Saint Mary;

(c)     Plaintiff's First Amendment retaliation claims against Defendants Wood, Relf, and Eddy;

(d)     Plaintiff's claims regarding the "illegal" search, imposition of diet loaf, and drug watch confinement;

(e)     all of Plaintiff's claims against Defendants Price, Bulis, and Holmes.  The clerk is directed to terminate this case as to Defendants Price, Bulis and Holmes; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 22) is **DENIED** with respect to the following claims, which **SURVIVE** Defendants' motion:

(a)     Plaintiff's First Amendment retaliation claim against Defendants Winston and Saint Mary; and

(b)     Plaintiff's Eighth Amendment claims of excessive force and failure to protect against Defendants Wood, Relf, and Eddy; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a final pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule a jury trial for Plaintiff's First Amendment retaliation claims against Defendants Winston and Saint Mary and Plaintiff's Eighth Amendment claims of excessive force and failure to protect against Defendants Wood, Relf and Eddy.  Counsel are directed to appear at the final pretrial conference with settlement authority from the parties.

Dated: January 23, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge