UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK E. CANNON,

                        Plaintiff,

v.                                                    9:10-CV-1332
                                                             (GTS/RFT)

E. WOOD, Corr. Officer, Upstate Corr. Facility;
K. ST. MARY, Corr. Officer, Upstate Corr. Facility;
B. RELF,[1] Corr. Officer, Upstate Corr. Facility;
R. WINSTON, Corr. Officer, Upstate Corr. Facility; and
M. EDDY, Sergeant, Upstate Corr. Facility,

                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

MARK E. CANNON, 08-A-0822
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN             KRISTA A. ROCK, ESQ.
Attorney General for the State of New York   Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Mark E. Cannon ("Plaintiff") against the five above-captioned New York State correctional employees ("Defendants") pursuant to 42 U.S.C. § 1983, are Defendants' motion for summary judgment

---

[1]     The correct spelling of this Defendant's name appears to be "Reif." (Dkt. No. 65, at 1, n.1; Dkt. No. 59, Attach. 1.)

(Dkt. No. 59), and United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 65). Neither party filed an objection to the Report-Recommendation, and the time in which to do so has expired. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion is granted with respect to Plaintiff's First Amendment claim of retaliation against Defendants Winston and St. Mary, and denied as to Plaintiff's remaining Eighth Amendment claims of excessive force and failure to protect against Defendants Reif, Wood, and Eddy.

I.     RELEVANT BACKGROUND

Generally, in his Complaint, Plaintiff alleges that, between approximately February 2010 and May 2012, at Upstate Correctional Facility, Defendants violated his constitutional rights in the following manner: (1) Defendants Winston and St. Mary retaliated against Plaintiff for filing two grievances against them, in violation of the First Amendment, by (a) denying him access to the barbershop for three months, (b) telling him he did not deserve "Level 3" status (which permits prisoners more privileges), and (c) making disparaging comments about Plaintiff to another officer (Correctional Officer Price) who subsequently filed a false misbehavior report against him; (2) Defendants Wood and Reif used excessive force against him as he was handcuffed during a cell transport, in violation of the Eighth Amendment; and (3) Defendant Eddy (the superior of Defendants Wood and Reif) failed to protect Plaintiff from the use of that excessive force despite being present and witnessing it, in violation of the Eighth Amendment. (*See generally* Dkt. No. 1.)

Generally, in their motion for summary judgment, Defendants assert the following three arguments: (1) based on the admissible record evidence, no rational fact finder could conclude

2

that Plaintiff has established a retaliation claim against Defendants Winston or St. Mary; (2) based on the admissible record evidence, no rational fact finder could conclude that Plaintiff has established an excessive-force claim against Defendants Wood and Reif, or a failure-to-protect claim against Defendant Eddy; and (3) in any event, based on the current record, Defendants Wood, Reif and Eddy are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 59, Attach. 2, at Points I through IV.)

Generally, in his Report-Recommendation, Magistrate Judge Treece found as follows: (1) based on the admissible record evidence, no rational fact finder could conclude that Plaintiff has established a retaliation claim against Defendants Winston or St. Mary; (2) based on the admissible record evidence, a genuine dispute of material fact exists as to whether Defendants Wood and Reif used excessive force against Plaintiff, and whether Defendant Eddy failed to protect Plaintiff against the use of that excessive force; and (3) based on the admissible record evidence, a genuine dispute of material fact exists as to whether Defendants Wood, Reif and Eddy are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 65, at Parts II.B. through II.E.) Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations,

3

or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

4

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  **Standard Governing a Motion for Summary Judgment**

Magistrate Judge Treece correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 65, at Part II.A.) As a result, this standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for review by the parties.

---

[5]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III.    ANALYSIS**

Because neither party submitted an objection to the Report-Recommendation, the Court reviews the Report-Recommendation for only clear error. *See, supra,* Part II.A of this Decision and Order. After carefully reviewing the relevant filings in this action, the Court can find no error in the Report-Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 65.)

The Court would add only the Court's decision to dismiss Plaintiff's retaliation claim is supported by each of the alternative reasons offered by Defendants for the dismissal of that claim: (1) based on the admissible record evidence, no rational fact finder could conclude that Plaintiff suffered sufficiently serious adverse action in order to establish a retaliation claim against Defendants Winston and St. Mary because (a) Plaintiff was denied access to the barbershop on only one occasion, which is de minimis, (b) being told that ones does not deserve "Level 3" status as a prisoner is also de minimis, and (c) even if true, comments that an inmate is being uncooperative during the retrieval of his feed up tray is also de minimis; and (2) in any event, based on the admissible record evidence, no rational fact finder could conclude that a causal connection has been established between any such adverse action and the protected conduct, given that (a) Defendant Winston was never personally involved in the issuance of a misbehavior report against Plaintiff, (b) Defendant St. Mary never told Correctional Officer Price to close Plaintiff's feed up slot or issue him a misbehavior report, and (c) any adverse action that Plaintiff experienced was caused not by his grievances but by his own bad conduct. (*See generally* Dkt. No. 59, Attach. 2, at Point I.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 65) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 59) is **GRANTED** with respect to Plaintiff's First Amendment retaliation claim against Defendants Winston and St. Mary, and those claims are **DISMISSED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 59) is **DENIED** with respect to Plaintiff's Eighth Amendment excessive-force claim against Defendants Wood and Reif, and Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Eddy, which shall proceed to trial; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a final pretrial conference with counsel only will be scheduled in this action, at which time the Court will schedule a jury trial for Plaintiff's Eighth Amendment excessive force claim against Defendants Wood and Reif, and Plaintiff's Eighth Amendment failure to protect claim against Defendant Eddy. Counsel are directed to appear at the final pretrial conference with settlement authority from the parties.

Dated: March 6, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge